UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA6, New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE FOOTHILLS AT SOUTHERN HIGHLANDS HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; RED ROCK FINANCIAL SERVICES, a Nevada corporation; SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; ALEXANDER M. IRLANDES, an individual; ERA D. IRLANDES, an individual,<br><br>Defendants. | Case No. 2:17-cv-01918-RFB-VCF<br><br>ORDER |

## I.  INTRODUCTION

Before the Court are Defendant SFR Investments Pool 1, LLC's Motion to Dismiss, ECF No. 36, and Amended Motion to Dismiss, ECF No. 37. The Court denies the first motion as moot in light of the amended motion and considers the amended motion below.

## II.  PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in 2013. ECF No. 1.

Plaintiff The Bank of New York Mellon, FKA The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA6 Mortgage Pass-

Through Certificates, Series 2006-OA6 ("BNYM") sued Defendants The Foothills at Southern Highlands Homeowners Association ("HOA"), Red Rock Financial Services ("Red Rock"), SFR Investments Pool 1, LLC ("SFR"), Alexander Irlandes, and Era Irlandes on July 13, 2017. Id. BNYM alleges a single claim against all Defendants: Declaratory Relief to Quiet Title. Id. BNYM filed a notice of Lis Pendens on July 19, 2017. ECF No. 5.

On July 27, 2017, Red Rock answered the complaint and BNYM voluntarily dismissed both Alexander Irelandes and Era Irlandes from the action. ECF Nos. 6, 8.

On August 14, 2017, the HOA answered the complaint and filed a demand for a jury trial. ECF Nos. 14, 16. The HOA was later dismissed from the action by stipulation. ECF Nos. 32, 33.

On January 2, 2018, SFR moved to dismiss the complaint. ECF No. 23. The motion was fully briefed. ECF Nos. 26, 28.

On July 12, 2018, the Court stayed this matter pending a decision on a question certified to the Nevada Supreme Court and dismissed the pending motion to dismiss without prejudice to refiling. ECF No. 35. The Nevada Supreme Court issued its decision on the certified question in August 2018.

SFR now moves to dismiss the complaint. ECF No. 37. BNYM opposes the motion, and SFR replied. ECF Nos. 38, 40.

### III. FACTUAL BACKGROUND

The Complaint alleges the following:

This matter concerns the parties' interests in a property located at 10626 San Vercelli Court, Las Vegas, Nevada 89141. On January 24, 2006, Alexander M. Irlandes and Era D. Irlandes executed a promissory note evidencing an $825,000 loan from nonparty Bayrock Mortgage Corporation. The two Defendants also executed a corresponding deed of trust, which was recorded on January 26, 2006. The deed of trust served to secure the loan, thereby encumbering the property. The two Defendants subsequently defaulted on the loan. BNYM was then assigned the beneficial interests in the deed of trust via an assignment that was recorded on June 15, 2010.

The HOA manages and maintains the common unit amenities for the development in which the property is located. On July 24, 2013, the HOA conducted a foreclosure sale on the property

through the assistance of Red Rock. SFR purchased the property at the foreclosure sale for $44,000. The parties now dispute whether the foreclosure sale extinguished the first deed of trust.

### IV. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). Additionally, Federal Rule of Civil Procedure 12 also permits a party to move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).

### V. DISCUSSION

SFR moves to dismiss the complaint in its entirety, arguing: Plaintiff's claim is barred by a three-year statute of limitations; declaratory relief is not an independent cause of action; Plaintiff failed to join a necessary party under Rule 19; and, the action no longer complies with NRS 30.130 since parties whose interest may be affected have been dismissed. The Court considers each argument in turn.

#### a. Statute of limitations

SFR first argues to dismiss the complaint as time barred by the three-year statute of limitations at NRS 11.190(3), contending that BNYM asserts a claim based only on statutory violations of NRS Chapter 116. BNYM argues that its claim is entitled to a five-year statute of limitations under NRS 11.070 and NRS 11.080. BNYM also argues that the five-year statute of limitations began to run on September 18, 2014 when the Nevada Supreme Court issued SFR Investments Pool 1, LLC v. U.S. Bank, N.A., 334 P.3d 408 (Nev. 2014) (holding NRS Chapter 116 creates a super-priority lien).

Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995). For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997).

The Court finds that the statute of limitations began to run on the date of the foreclosure sale: July 24, 2013. Contrary to BNYM's argument, the claim did not accrue on September 18, 2014, the date of the Nevada Supreme Court decision in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014). The Nevada Supreme Court has held that SFR Investments applies retroactively and constitutes an interpretation of NRS 116.3116 rather than a change in law. K&P Homes v. Christiana Trust, 133 Nev. Adv. Op. 51 (July 27, 2017). Because NRS 116.3116 was in effect at the time of the foreclosure sale, the Court finds that BNYM's claim accrued at the time of the foreclosure.

The Court further finds that BNYM is not entitled to the five-year statute of limitations for quiet title actions under NRS 11.070 and 11.080. The statute of limitations provided by these sections apply only when the plaintiff actually "seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties like BNYM that held only a lien interest rather than a title interest.

The Court next finds that BNYM's claim carries a three-year statute of limitations under NRS 11.190(3) insofar as it relates to any rights protected by NRS 116.3116. NRS 11.190(3)(a) (applying a three-year statute of limitations to actions upon liability created by statute). Because BNYM filed suit over three years after the foreclosure sale, the Court dismisses BNYM's claim to the extent that it relies on NRS 116 violations.

///

However, the Court finds that BNYM's claim may proceed on the theory of a constitutional violations and on an equitable claim related to the foreclosure. NRS 11.220, the catch-all provision for claims not based in tort, statutory liabilities, or contract, has a four-year statute of limitations.

The Court notes that the timeline for tendering the super-priority lien is codified at NRS 116.31162. But "[t]he phrase 'liability created by statute' means a liability which would not exist but for the statute." Torrealba v. Kesmetis, 178 P.3d 716, 722 (Nev. 2008) (quoting Gonzalez v. Pacific Fruit Express Co., 99 F. Supp. 1012, 1015 (D. Nev. 1951)). Tender thus raises equitable considerations irrespective of the statutory scheme.

Based on the forgoing, the Court finds the claim proceeds on the theories of: due process violations; commercial unreasonableness regarding the manner in which the sale was conducted, creating an inequitable sale price; and commercial unreasonableness regarding the allegedly improper calculation of the super-priority lien amount. See ECF No. 1 ¶¶ 17; 18; 20(a), (b), and (d); 21 . The claim is dismissed as to the liabilities expressly created by NRS Chapter 116. See id. at ¶¶ 20(c), 22.

### b. Declaratory Relief as a Stand-Alone Claim

SFR next argues that the claim must be dismissed because declaratory relief is a type of remedy rather than a stand-alone claim. SFR contends that the claim, while disguised under the title of declaratory relief, actually asserts a wrongful foreclosure claim and a claim for liabilities arising under a statute. BNYM argues it seeks declaratory relief regarding the title to the property; it does not assert a claim for wrongful foreclosure.

BNYM asserts its claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. The Act creates a remedy, providing: "[i]n a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Id. § 2201(a).

SFR relies on a statement from the Ninth Circuit to argue the claim cannot proceed as a stand-alone claim. The Ninth Circuit held that the Act "only creates a remedy and is not an independent basis for jurisdiction. To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." Stock W., Inc. v. Confederated Tribes of the Colville

Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, under the Ninth Circuit's decision, the Act itself cannot create federal jurisdiction, but the Ninth Circuit did not hold that the Act was not a stand-alone claim. To be sure, an independent basis for jurisdiction exists in this matter: diversity jurisdiction under 28 U.S.C. § 1332. And there are remaining claims regarding which this Court will have to make findings or declarations. This claim may therefore proceed in conjunction with the remaining claims.

Further, for the reasons stated above, the Court also disagrees that the claim relates back to one for wrongful foreclosure or for statutory violations only, requiring dismissal under the statute of limitations. The Court therefore dismisses the argument in relation to the applicability of the Act.

### c. Rule 19 and NRS 30.130

SFR next moves to dismiss the complaint under Rule 19, arguing that the HOA and the Alexander and Era Irlandes are necessary and indispensable parties. The HOA was previously dismissed from this matter by stipulation and the Irlandes Defendants were voluntarily dismissed. SFR contends that, without the three Defendants, SFR "suffers the substantial risk of incurring multiple [and] inconsistent results." ECF No. 37 at 9. Likewise, SFR argues that the relief sought—a declaration that the HOA sale was void or that BNYM's deed of trust survived the sale—would affect the HOA's lien rights and the Irlandes' rights to the party. BNYM responds that the Defendants disclaim any interest in the party. Thus, the parties are neither necessary nor indispensable.

Under Rule 19, a party shall be joined where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(A). Further, NRS 30.130 states, in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The Court finds that both the Irlandes and the HOA are necessary parties because BNYM seeks, as one option of relief, to set aside the foreclosure sale. If the Court were to issue an order voiding the sale, the order could reinstate the Irlandes' interest in the property as well as the HOA's lien interest in the property.

However, the Court declines to dismiss the matter under Rule 19 or NRS 30.130 because SFR has not shown that joinder or amendment is not feasible and because the legal issue of adding these parties back into the case was not fully briefed before this Court. The Court denies the motion to dismiss accordingly. If Plaintiff does not seek to add these indispensable parties within 21 days, the Court grants SFR leave to file a supplemental motion to dismiss on this point.

### VI. CONCLUSION

**IT IS ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion to Dismiss (ECF No. 36) is DENIED as moot.

**IT IS ORDERED** that Defendant SFR Investments Pool 1, LLC's Amended Motion to Dismiss (ECF No. 37) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that the stay in this case is LIFTED.

DATED: March 30, 2019.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**