# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA6, New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE FOOTHILLS AT SOUTHERN HIGHLANDS HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; RED ROCK FINANCIAL SERVICES, a Nevada corporation; SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; ALEXANDER M. IRLANDES, an individual; ERA D. IRLANDES, an individual,<br><br>Defendants. | Case No. 2:17-cv-01918-RFB-VCF<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Defendant SFR Investments Pool 1, LLC's ("SFR") Motion to Strike the Amended Complaint and Motion to Dismiss the Original Complaint, ECF Nos. 47, 49. The Court grants and denies the motion to strike in part and dismisses the motion to dismiss the original complaint as moot.

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in 2013. ECF No. 1.

Plaintiff The Bank of New York Mellon, FKA The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA6 Mortgage Pass-Through Certificates, Series 2006-OA6 ("BNYM") sued Defendants The Foothills at Southern Highlands Homeowners Association ("HOA"), Red Rock Financial Services ("Red Rock"), SFR Investments Pool 1, LLC ("SFR"), Alexander Irlandes, and Era Irlandes (the "Borrowers") on July 13, 2017. Id. BNYM alleged a single claim against all Defendants: Declaratory Relief to Quiet Title. Id. BNYM filed a notice of Lis Pendens on July 19, 2017. ECF No. 5.

On July 27, 2017, Red Rock answered the complaint and BNYM voluntarily dismissed both the Borrowers from the action. ECF Nos. 6, 8.

On August 14, 2017, the HOA answered the complaint and filed a demand for a jury trial. ECF Nos. 14, 16. The HOA was later dismissed from the action by stipulation. ECF Nos. 32, 33.

On January 2, 2018, SFR moved to dismiss the complaint. ECF No. 23. The motion was fully briefed. ECF Nos. 26, 28.

On July 12, 2018, the Court stayed this matter pending a decision on a question certified to the Nevada Supreme Court and dismissed the pending motion to dismiss without prejudice to refiling. ECF No. 35. The Nevada Supreme Court issued its decision on the certified question in August 2018.

SFR moved again to dismiss the complaint on August 24, 2018. ECF No. 37. BNYM opposed the motion, and SFR replied. ECF Nos. 38, 40. On March 30, 2019, the Court lifted the stay, and granted SFR's motion in part and denied the motion in part, giving BNYM twenty-one days to add necessary parties. ECF No. 44. BNYM filed an amended complaint on April 22, 2019. ECF No. 46. SFR moved to strike the amended complaint and dismiss the original complaint. ECF Nos. 47, 49. BNYM responded, and SFR replied. ECF Nos. 51 – 54.

### III. FACTUAL ALLEGATIONS

BNYM alleges as follows in its amended complaint:

On or about January 24, 2006, Borrowers executed and delivered to non-party Bayrock Mortgage Corporation ("Bayrock"), a promissory note representing an $825,000 loan (the "Loan") funded to the Borrowers. The loan financed property located at 10626 San Vercelli Court, Las

Vegas, 89141 (the "Property"). On or about January 24, 2006, and as part of the same transaction, Borrowers executed and delivered to Bayrock a deed of trust recorded on January 26, 2006. Borrowers subsequently defaulted on the Loan. Beneficial interest in the deed of trust was assigned to BNYM by way of a publicly recorded Assignment on June 15, 2010. The Foothills at Southern Highlands Homeowners Association (the "HOA") is a homeowner's association which generally manages and maintains the common unit amenities for the development in which the Property is located. On or about July 24, 2013, the HOA, through its foreclosure trustee Red Rock Financial Services ("Red Rock"), sold the Property at public auction (the "HOA Sale"). Title to the Property was purchased by SFR for $44,000.

However, in or around October, 2011, Bank of America, through its attorneys, Miles, Bauer, Bergstrom & Winters, LLP (MBBW), requested a super-priority lien account statement from Red Rock, for the express purpose of paying off the superpriority portion of HOA's lien. Red Rock refused to provide a super-priority lien statement, but instead provided a full lien account statement showing a balance of $37,007.22. Based on the statement provided, MBBW calculated the super-priority lien amount consisting of nine months of assessments, pursuant to NRS 116.3116. MBBW tendered a cashier's check for the super-priority lien amount to Red Rock, in order to pay the super-priority lien amount. BNYM alleges that the tender of the super-priority lien amount to Red Rock served to extinguish that portion of HOA's lien, leaving only the portion of HOA's lien which is junior to Plaintiff's first Deed of Trust.

BNYM now asserts the following claims against SFR: declaratory relief that its deed of trust was not extinguished by the foreclosure sale, unjust enrichment and declaratory relief pursuant to NRS 30.010 and NRS 107A.220.

**IV.  LEGAL STANDARD**

Federal Rule of Civil Procedure 12 permits a party to move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Under Rule 19, a party shall be joined where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is situated that disposing of the action in the person's absence may: (i) as a practical

matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(A).

## V. DISCUSSION

In its March 31, 2019 Order regarding SFR's motion to dismiss BNYM's original complaint, the Court found that the borrowers and the HOA, who had been named parties in the original complaint that had eventually been dismissed from the proceedings, were necessary parties, because BNYM's complaint had sought to void the foreclosure sale in the alternative. Order, ECF No. 44 at 7. The Court, however declined to grant SFR's motion to dismiss on those grounds because the legal issue of adding the parties back to the case after dismissing them had not been fully briefed, and SFR had not demonstrated that adding them back as parties was not feasible. Id. The Court then found that "[i]f Plaintiff does not seek to add these indispensable parties within 21 days, the Court grants SFR leave to file a supplemental motion to dismiss on this point." Id.

SFR now argues that the Court should dismiss BNYM's complaint because it fails to add the necessary parties. BNYM argues that it cured the defect in the complaint by no longer seeking to void the sale, and thus the borrower and HOA are no longer necessary parties.

The Court will not dismiss the complaint for failure to add necessary parties, as the Court finds that BNYM's amended complaint no longer requires their presence in the case.

SFR next argues that BNYM improperly amended its complaint without leave from the Court, by adding factual allegations regarding tender, and by adding new claims. SFR argues that it faces serious prejudice because BNYM has now alleged new facts in its complaint 490 days after the December 18, 2017 deadline to move to amend and 312 days after the June 14, 2018 discovery deadline. SFR further argues that BNYM did not move to amend its complaint, and the Court's March 31, 2019 order only granted BNYM leave to amend its complaint to add the necessary parties.

BNYM argues in response that its original complaint already included factual allegations of tender, and so SFR cannot argue prejudice on the issue of tender. BNYM also argues that its

- 4 -

unjust enrichment and declaratory relief claims under NRS 30.010 and NRS 107A.220 are derivative of its first cause of action in its original complaint.

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possible be cured by the allegation of other facts." Lacey v. Maricopa Cty., 639 F.3d 896, 926 (9th Cir. 2012) (internal citations omitted). While the Court's language may not have been explicit, the Court did grant BNYM leave to amend the complaint, and it was not necessary for BNYM to first file a motion for leave to amend. However, while amendment "is favored, it is subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice.". See Braden v. County of Lake, 25 F. App'x 513 (9th Cir. 2001) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)).

The Court agrees with BNYM that SFR is not prejudiced by additional factual allegations regarding tender, as BNYM did state in its original complaint that "Plaintiff's servicing agent calculated and tendered the super-priority lien amount," and SFR thus had notice that BNYM would pursue a theory of tender. Pl's Original Compl. ¶ 17, ECF No. 1.

The Court does agree with SFR however, that BNYM's claims for unjust enrichment were not derived from the causes of action alleged in its first complaint. BNYM's only cause of action in its original complaint was for declaratory relief/quiet title, and nowhere in the complaint does it allege that BNYM was unjustly enriched. An unjust enrichment claim is an entirely distinct legal claim from a quiet title claim, and requires proof of different facts. Compare Chapman v. Deutsche Bank Nat'l Tr. Co., 302 P.3d 1103, 1106 (Nev. 2013) (noting that in quiet title action "each party must plead and prove his or her own claim to the property in question.") (internal citations omitted); with Cert. Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 257 (Nev. 2012) ("Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit . . . and [it would be inequitable for defendant to retain the benefit]."). Accordingly, the Court will not allow BNYM to pursue the unjust enrichment claim at this late hour, or its declaratory relief claim seeking an accounting of all income derived from the property. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding denial of leave to

amend where amended complaint advanced different theories that required proof of different facts).

SFR also moved to dismiss the original complaint. However, the amended complaint supersedes the original, and the Court will therefore deny this motion as moot. <u>Rhodes v. Robinson</u>, 621 F.3d 1002, 1005 (9th Cir. 2010).

## VI. CONCLUSION

**IT IS ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion to Strike Amended Complaint (ECF No. 47) is DENIED in part and GRANTED in part. The Court dismisses the second and third causes of action from BNYM's Amended Complaint.

**IT IS ORDERED** that Defendant SFR Investments Pool 1, LLC's Amended Motion to Dismiss the Original Complaint (ECF No. 1) is DENIED as moot because the Amended Complaint supersedes the original.

DATED March 24, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**