UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA6, New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE FOOTHILLS AT SOUTHERN HIGHLANDS HOMEOWNERS ASSOCIATION, et. al,<br><br>Defendants. | Case No. 2:17-cv-01918-RFB-VCF<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court for consideration are Plaintiff's Motion for Summary Judgment (ECF No. 63) and Defendant SFR Investments Pool I, LLC's Motion for Summary Judgment (ECF No. 65).

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in 2013. ECF No. 1.

Plaintiff, The Bank of New York Mellon, FKA The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA6 Mortgage PassThrough Certificates, Series 2006-OA6, ("BNYM") sued Defendants, The Foothills at Southern Highlands Homeowners Association ("HOA"), Red Rock Financial Services ("Red Rock"), SFR Investments

1  Pool 1, LLC ("SFR"), Alexander Irlandes, and Era Irlandes (the "Borrowers"), on July 13, 2017.
2  Id. BNYM alleged a single claim against all Defendants: Declaratory Relief to Quiet Title. Id.
3  BNYM filed a notice of Lis Pendens on July 19, 2017. ECF No. 5.
4       On July 27, 2017, Red Rock answered the complaint and BNYM voluntarily dismissed
5  both the Borrowers from the action. ECF Nos. 6, 8.
6       On August 14, 2017, the HOA answered the complaint and filed a demand for a jury trial.
7  ECF Nos. 14, 16. The HOA was later dismissed from the action by stipulation. ECF Nos. 32, 33.
8       On January 2, 2018, SFR moved to dismiss the complaint. ECF No. 23. The motion was
9  fully briefed. ECF Nos. 26, 28.
10      On July 12, 2018, the Court stayed this matter pending a decision on a question certified
11 to the Nevada Supreme Court and dismissed the pending motion to dismiss without prejudice to
12 refiling. ECF No. 35. The Nevada Supreme Court issued its decision on the certified question in
13 August 2018.
14      SFR moved again to dismiss the complaint on August 24, 2018. ECF No. 37. BNYM
15 opposed the motion, and SFR replied. ECF Nos. 38, 40. On March 30, 2019, the Court lifted the
16 stay, and granted SFR's motion in part and denied the motion in part, giving BNYM twenty-one
17 days to add necessary parties. ECF No. 44.
18      BNYM filed an amended complaint on April 22, 2019. ECF No. 46. SFR moved to strike
19 the amended complaint and dismiss the original complaint. ECF Nos. 47, 49. BNYM responded,
20 and SFR replied. ECF Nos. 51 – 54. The Court refused to dismiss the complaint for failure to add
21 necessary parties, as the Court found that BNYM's amended complaint no longer requires their
22 presence in the case. The Court also did not find prejudice against SFR for additional factual
23 allegations regarding tender and declined to dismiss on those grounds. Finally, the Court agreed
24 with SFR that the unjust enrichment claim could not go forward. ECF No. 56.
25      On March 9, 2021, Plaintiff filed a motion for summary judgment. ECF No. 63. On March
26 29, 2021, Defendant SFR filed a Motion for Summary Judgment. Both motions were fully briefed
27 as of May 4, 2021. ECF Nos. 66, 68, 70, 72.
28 / / /

///

Oral argument was held on these motions on February 28, 2022. ECF No. 78. At this hearing, the Court granted an opportunity for the parties to submit supplemental authority on the issue of tender. Both parties declined this opportunity. This written order follows.

### III. FACTUAL BACKGROUND

#### a. Undisputed Facts

The Court finds the following facts to be undisputed. On or about January 24, 2006, Borrowers executed and delivered to non-party Bayrock Mortgage Corporation, a promissory note representing an $825,000 loan funded to the Borrowers. The loan financed property located at 10626 San Vercelli Court, Las Vegas, 89141 ("the Property"). On or about January 24, 2006, and as part of the same transaction, Borrowers executed and delivered to Bayrock a deed of trust recorded on January 26, 2006. Borrowers subsequently defaulted on the Loan.

The Foothills at Southern Highlands Homeowners Association ("HOA") is a community association that generally manages and maintains the development in which the Property is located. Red Rock Financial Services ("RRFS") was the HOA's agent.

Borrowers stopped paying their monthly dues owing to the association and, as a result, on June 16, 2009, RRFS, as agent for the HOA, recorded that certain Lien for Delinquent Assessments ("Notice of Lien") as Book and Instrument number 20090616-0002043 in the Official Records.

Beneficial interest in the deed of trust was assigned to BNYM by way of a publicly recorded Assignment on June 15, 2010. A corrective Assignment of Deed of Trust was subsequently recorded on August 14, 2014.

On March 29, 2013, RRFS, as agent for The Foothills at Southern Highlands, recorded that certain Notice of Foreclosure Sale ("Notice of Sale") as Book and Instrument number 20130329-0000586.6

On April 12, 2013, Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer"), counsel for BNYM's prior loan servicer, Bank of America, N.A. ("BANA"), issued correspondence to RRFS, containing discussion of the super-priority lien.

- 3 -

On or about April 19, 2013, RRFS provided Miles Bauer with a Statement of Account in response to the April 12, 2013 correspondence indicating that that the current balance due and owing to The Foothills at Southern Highlands was $37,007.22. The April 19, 2013 Statement of Account from RRFS did not state the super-priority portion of the HOA's lien. The April 19, 2013, Statement of Account from RRFS did include a breakdown of assessments, late fees, costs, and other fines levied against the Borrowers.

On April 24, 2013, Miles Bauer, on behalf of BNYM's predecessor in interest, tendered a check to RRFS in the amount of $1,170.00 to attempt to satisfy the super-priority portion of the HOA's lien. This number was based on a calculation that Miles Bauer made as to the amount of assessments due over the nine month period, not on the statement of account, which did not include an accounting of the super-priority lien amount.

RRFS received the aforementioned tender, rejected it, and returned the $1,170.00 check to Miles Bauer on or about April 30, 2013.

On July 24, 2013, RRFS, on behalf of the HOA, conducted a lien foreclosure sale of the Property, where SFR was the highest bidder, placing a winning bid of $44,000.

On August 5, 2013, RRFS recorded that certain Foreclosure Deed as Book and Instrument number 20130805-0005684 in the Official Records.

Plaintiff recorded a Notice of Lis Pendens on the Property as Inst #: 20170721-0002164 on July 21, 2017.

### b. Disputed Facts

The Court does not find there to be a genuine dispute of material fact in this case. The parties dispute the legal effect of the circumstances.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

V.   **DISCUSSION**

Plaintiff moves for summary judgment on their claim, arguing that because a valid, unconditional tender was issued by Miles Bauer, the HOA foreclosure sale did not extinguish the deed of trust. Defendants move for summary judgment in their favor, arguing that the tender was impermissibly conditional.

    a.   **Statute of Limitations**

Defendants argue that Plaintiff is time barred subject to the three-year statute of limitations under NRS § 11.190(3)(a). Plaintiffs argue that the three-year statute of limitations does not apply because Plaintiff is not challenging the HOA's authority to foreclose its assessment lien, they are

simply seeking an order from the Court confirming that its first deed of trust was not extinguished because the Association's assessment lien did not include a super-priority portion.

Pursuant to its previous ruling in Carrington Mortg. Servs., LLC v. Tapestry at Town Ctr., 381 F.Supp.3d 1289, 1293 – 94 (D. Nev. 2019), the Court finds that this action is subject to a four-year limitations period. ("to the extent Carrington seeks relief based on alleged unconstitutionality or on equitable grounds, Carrington's claims fall within the four-year catch-all provision at NRS 11.220 and are therefore timely.") The Property in this case was foreclosed upon on July 23, 2013. Accordingly, Plaintiff had until July 24, 2017 to file a complaint. Plaintiff filed their complaint on July 13, 2017, before the four-year limitations period elapsed. As a result, this suit is timely.

    **b. Tender**

Plaintiff argues that because a valid, unconditional tender was issued by Miles Bauer, the association did not foreclose a super-priority lien and therefore, the lien sale did not disturb the Bank's deed of trust. Defendants argue that because Miles Bauer's letter contained an impermissible condition, the attempted tender did not constitute a proper payment of the super-priority lien amount and therefore, the foreclosure sale extinguished the Bank's deed of trust.

Section 116.3116(1) of the Nevada Revised Statutes allows homeowners associations to pursue liens on members' homes for unpaid assessments and charges. HOA liens are split into super-priority and sub-priority components; the super-priority component is prior to all other liens, including first deeds of trust, with enumerated exceptions not relevant here. Nev. Rev. Stat. § 116.3116(2). The super-priority portion comprises nine months' worth of common assessments and any nuisance-abatement or maintenance charges. Id. § 116.3116(3); see also Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 622 (9th Cir. 2019) (per curiam).

A valid, unconditional tender of the super-priority lien amount will satisfy the super-priority lien and result in the buyer at foreclosure taking the property subject to the deed of trust. Bank of Am., N.A. v. SFR Investments Pool 1, LLC, 427 P.3d 113, 116 (Nev. 2018) (en banc) ("[A] first deed of trust holder's unconditional tender of the super-priority amount due results in the buyer at foreclosure taking the property subject to the deed of trust.") The super-priority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the sub-priority component consists of "all other HOA fees and assessments." SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014), see also HSBC Bank USA, Nat'l Ass'n as Tr. for Deutsche Alt-A Sec. Inc. Mortg. Loan Tr. v. Underwood Partners, LLC, No. 2:17-cv-00461-RFB-PAL (D. Nev. April 25, 2019) (order granting reconsideration on issue of tender, granting summary judgment in favor of Plaintiff on basis of tender).

In order to be valid, a tender must be unconditional or with conditions on which the tendering party has a right to insist. Bank of Am., N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 116 (Nev. 2018) ("SFR III"). In SFR III, the Nevada Supreme Court affirmed that Bank of America had a right to insist on the condition that acceptance of the tender would satisfy the super-priority portion of the lien, preserving the Bank's interest in the property. However, where the Bank does not have a legal right to insist on a condition, such a condition is impermissible and does not constitute valid tender. See generally CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n, 962 F.3d 1103, 1108 (9th Cir. 2020). In Corte Madera, the Bank-Plaintiff and its predecessor-in-interest insisted that the super-priority portion the lien was limited to nine months' worth of common assessments and "not one penny more." Id. However, because the plain text of Nev. Rev. Stat. § 116.3116(3) indicates that the super-priority portion of the lien encompasses nine months'

worth of assessments *and* any unpaid maintenance and nuisance-abatement charges, the Court found that the Bank's insistence that the lien could be satisfied merely by the ninth months worth of assessments was not the equivalent of an offer to pay the super-priority portion of Corte Madera's lien. Corte Madera, 962 F.3d at 1108. The demand that the lien be satisfied by this insufficient payment was impermissibly conditional and the Bank did not issue a valid tender. Id.

In this case, it is undisputed that on April 24, 2013, Miles Bauer, counsel for BNYM's prior loan servicer sent a check in the amount of $1,170 to RRFS. In the letter accompanying the check, Miles Bauer wrote,

> our client has authorized us to make payment to you in the amount of $1,170 to satisfy its super-priority amount obligations to the HOA as a holder of the first deed of trust against the property. Thus, enclosed you will find a cashier's check made out to Red Rock Financial Services in the sum of $1,170, *which represents the maximum 9 months worth of delinquent assessments recoverable by an HOA* against the first deed of trust lienholder. This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, *will be strictly construed as an unconditional acceptance on your part* of the facts stated herein and express agreement that BANA's financial obligations towards the HOA in regards to the real property located at 10626 San Vercelli Court have now been "paid in full".

Plaintiff's Ex. 2, ECF No. 63-2. (italics added). This text constitutes an impermissible condition under Corte Madera. As discussed by the Ninth Circuit, the plain text of Nev. Rev. Stat. § 116.3116(3) indicates that the super-priority portion of the lien encompasses nine months' worth of assessments *and* any unpaid maintenance and nuisance-abatement charges. The Court finds based upon the plain language of the Miles Bauer April 24 letter, the tender here was just for "9 months of delinquent assessments." However, the Nevada law is clear that the super-priority portion of the lien is not limited to just 9 months of delinquent assessments. Id.; Corte Madera, 962 F.3d at 1108. It is undisputed based on the record that Miles Bauer's April 24 payment did not reference and thus did not encompass unpaid maintenance and nuisance-abatement charges. By limiting the payments to only "9 months worth of delinquent assessments" and indicating that "endorsement of said cashier's check on your part…will be strictly construed as an unconditional

acceptance on your part," Miles Bauer was placing a condition on the tender to which they did not have a legal right to insist. See Corte Madera, 962 F.3d at 1108. Finally, as the Ninth Circuit explained in Corte Madera, it is immaterial whether or not any maintenance or nuisance-abatement charges were due. A tender which is conditioned upon acceptance of the payment of delinquent assessments only to satisfy the super-priority portion of the HOA lien is invalid. Id. Thus, the Court finds that there was no valid tender in this case by Miles Bauer.

**c. Inadequacy of Price and Unfairness in the Association's Lien Sale**

Finally, Plaintiffs argue that the price paid by SFR was "grossly inadequate" and the lien sale was unfair or fraudulent. A legal foreclosure sale should not be invalidated absent evidence of fraud, unfairness, or oppression. See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641 (Nev. 2017). Plaintiffs base their claim on the fact that SFR paid $44,000 for the property at the Association's lien sale, but that the fair market value of the property was allegedly $442,820 at that time. Plaintiff's argument ignores the fact that, at the time the lien sale occurred, the property was under the threat of litigation. The Court finds that Plaintiff's argument as to the alleged fair market value is fundamentally flawed because its alleged fair market value completely ignores the diminution in value from the title being clouded over the viability of the deed of trust and the strong likelihood of protracted litigation regarding the title. Indeed, the extensive nature of the litigation here underscores the reason why the value must take into consideration litigation costs. Plaintiff has not presented a fair market assessment of the Property that takes into consideration all of the relevant factors regarding the Property. The Court therefore rejects Plaintiff's argument that the HOA sale was unfair, fraudulent or oppressive.

/ / /

/ / /

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 65) is GRANTED in full consistent with this order.

**IT IS FURTHER ORDERED** Plaintiff Bank of New York Mellon's Motion for Summary Judgment (ECF No. 63) is DENIED in full consistent with this order.

**IT IS FURTHER ORDERED** that the County Recorder for Clark County, Nevada is directed to expunge any notice of *lis pendens* recorded on this property.

The Clerk of the Court is directed to close this case.

**DATED**: March 27, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**